**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____-CV-_____

TREVOR HOLDEN,
individually and on behalf of all,
others similarly situated,

      Plaintiff,

v.

AMERICAN DATABANK, LLC,

      Defendant.

_____/

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332,**
**1441(b) AND 1446 BY DEFENDANT AMERICAN DATABANK, LLC**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant American Databank, LLC ("Defendant"), by the undersigned, its attorneys, hereby provides notice of removal of this action entitled *Trevor Holden v. American Databank, LLC,* currently pending in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, Case Number CACE-21-021823, to the United State District Court for the Southern District of Florida.  In support of this removal, Defendant further states:

      1.     This is a civil action filed on or about December 13, 2021 by Plaintiff Trevor Holden ("Plaintiff") in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, Case Number CACE-21-021823, captioned *Trevor Holden v. American Databank, LLC* ("State Court Action").

      2.     Defendant was served with a copy of the Complaint on December 17, 2021.

      3.     Plaintiff generally alleges that Defendant violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.

4.      The State Court Action may be removed to this Court because the Court has diversity jurisdiction.

## I.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

5.      Pleadings and process.  Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all process, pleadings, and orders entered in the State Court Action. (*See* **Exhibit A,** attached hereto.).   No proceedings have occurred in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida as of the date of this notice of removal. Defendant has not answered or moved in response to the Complaint filed by Plaintiff.  Defendant hereby reserves all rights to assert any and all defenses and/or objections to the Complaint.

6.      Removal is timely.  A notice of removal may be filed within 30 days after the defendant receives, "through service or otherwise," a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (recognizing that the time for filing a notice of removal does not begin to run until a party has been formally served with the summons and complaint under applicable state law).   Plaintiff commenced this action in the aforementioned state court on or about December 13, 2021.  Defendant was served on or about December 17, 2021.  Therefore, this removal is timely filed pursuant to 28 U.S.C. § 1446(b) and (c).

7.      Removal to proper court.  Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Southern District of Florida is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a) and 28 U.S.C. § 84(d).

8.      Notice to state court and adverse parties.  Promptly following the filing of this

Notice of Removal, written notice of the removal of this action will be served to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).  A true and correct copy of this Notice of Removal will also be promptly filed with the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, pursuant to 28 U.S.C. § 1446(d).

## II.      REMOVAL IS PROPER BECAUSE THIS COURT HAS CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D)

9.       This is an action involving complete diversity amongst the parties and is a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs.  Therefore, the Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) and is an action that Defendant can properly remove pursuant to 28 U.S.C. § 1441.

### A.      DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

10.       There is minimal diversity of citizenship between Plaintiff and Defendant.   28 U.S.C. § 1332(d)(2)(A).

11.       Defendant is now, and was at the time of the filing of this action, a Colorado corporation organized and existing under the laws of the State of Colorado, with its principal place of business in the State of Colorado, and is therefore a citizen of the State of Colorado for purposes of determining diversity.  *See* 28 U.S.C. § 1332(d)(2)(A).

12.       Based on information and belief, at all times relevant to this action, Plaintiff—a natural person and resident of Florida—is and has been a citizen of the State of Florida, not the State of Colorado.

13.       Accordingly, minimum diversity of citizenship exists between the parties.

14.       The citizenship of the Doe defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants.  *See* 28 U.S.C. § 1441(b) ("In

determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

### B.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15.     Further, Plaintiff has already plainly stated the number of putative class members exceeds 100.  *See* 28 U.S.C. § 1332(d)(5)(B).  Compl. ¶ 30 ("the Class members number in the several thousands, if not more").

16.     Defendant denies that Plaintiff's proposed class can meet the requirements of Federal Rule of Civil Procedure 23.  However, based on the relief Plaintiff seeks the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").  *See Taylor v. Certified Legal Funding, Inc.,* No. 8:18-CV-27-EAK-MAP, 2018 WL 3860243, at *1 (M.D. Fla. July 3, 2018) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") (internal citations omitted); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) ("CAFA's language favors federal jurisdiction over class actions[.]").

17.     This amount can be ascertained by reference to the relief requested by the representative Plaintiff and the statutory damages available under the FTSA.  Plaintiff seeks statutory damages in the amount of $500.00 for each alleged violation of the FTSA pursuant to Fla. Stat. § 501.059(10)(a).  Compl. ¶ 46.  Plaintiff alleges three violations of the FTSA caused by three separate text messages. Compl. ¶ 13. Thus Plaintiff individually seeks $1,500 in statutory damages.

18.     Plaintiff states in his Complaint that the "the Class members number in the several thousands, if not more." Compl. ¶ 30.  Merriam-Webster's Collegiate Dictionary defines "several" as "more than two but not many."  So Plaintiff's alleged class of "several thousands, if not more" means at least three thousand if not four thousand or five thousand members.  Multiplying $1,500 by Plaintiff's alleged class size yields statutory damages which exceed the jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d)(6).

19.     In addition, if the court finds that the defendant willfully or knowingly violated the FTSA, the court may treble the damages available under Fla. Stat. § 501.059(10)(a). *See* Fla. Stat. § 501.059(10)(b).  Trebling the $1,500 in statutory damages per class member yields $4,500 per class member. Even if "several thousands" of class members means just the bare minimum of 3,000 individuals, the amount in controversy would be $13,500,000, which is well above the jurisdictional threshold contained in 28 U.S.C. § 1332(d)(6).

20.     Moreover, the calculation above does not include the value of the attorneys' fees available under the FTSA.  Attorneys' fees that are authorized by statute count towards the amount in controversy.  *See E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1362 (S.D. Fla. 2015) ("because those [attorneys'] fees are sought pursuant to statute, the Court may properly consider them in the amount-in-controversy inquiry.") (citing *Fed. Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 808 n. 4 (11th Cir. 2003); *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Here, the FTSA provides that "[i]n any civil litigation resulting from a transaction involving a violation of this section, the prevailing party . . . shall receive his or her reasonable attorneys' fees and costs from the nonprevailing party." Fla. Stat. § 501.059(11)(a).  The inclusion of attorney's fees in the calculation of the amount in controversy in a class action like this case, further supports the conclusion that the amount in controversy in this case is well in excess of $5,000,000.

21.     In sum, if the proposed class were to prevail on all claims and recover all remedies sought in the Complaint and the Prayer for Relief, then, pursuant to the allegations of the Complaint, the relief awarded in the aggregate would exceed the jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d)(6).

22.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Gonzalez v. Scottsdale Ins. Co.*, No. 18-CV-23738, 2019 WL 7943609, at *1 (S.D. Fla. Mar. 27, 2019) (citations omitted).  When the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy."); accord *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

23.     Based on the foregoing, the State Court Action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et. seq*. because 1) this is a putative class action within the jurisdiction of this Court; 2) this action is between citizens of different states; 3) the matter involves "thousands" of putative class members and 4) the amount in controversy exceeds $5,000,000 exclusive of interest and costs.

WHEREFORE, Defendant American Databank, LLC hereby respectfully removes this action entitled *Trevor Holden v. American Databank, LLC,* currently pending in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, Case Number CACE-21-021823, to the United State District Court for the Southern District of Florida.

Dated: January 14, 2022

Respectfully submitted,

*/s/ Katherine C. Donlon*
KATHERINE C. DONLON, FBN 0066941
KDonlon@jclaw.com
ELAINE M. RICE, FBN 549975
ERice@jclaw.com
**JOHNSON, CASSIDY,**
**NEWLON & DECORT, P.A.**
2802 N. Howard Avenue
Tampa, Florida 33607
Telephone: (813) 699-4859
Facsimile:  (813) 235-0462
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by E-Mail on January 14, 2022 on all counsel or parties of records on the Service List below.

*/s/ Katherine C. Donlon*
Attorney

## SERVICE LIST

Ignacio Hiraldo
Email: IJHhiraldo@IJHlaw.com
**IJH LAW**
1200 Brickell Ave., Suite 1950
Miami, FL 33131
Telephone: 786-496-4469

Michael Eisenband
Email: MEisenband@Eisenbandlaw.com
**EISENBAND LAW, P.A.**
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, FL 33301
Telephone: 954.533.4092

*Attorneys for Plaintiff*

Katherine C. Donlon
Email: KDonlon@jclaw.com
Elaine M. Rice
Email:  ERice@jclaw.com
**JOHNSON, CASSIDY,
NEWLON & DECORT, P.A.**
2802 N. Howard Avenue
Tampa, Florida 33607
Telephone: (813) 699-4859
Facsimile:  (813) 235-0462

Joshua Briones
Email:  JBriones@mintz.com
Crystal Lopez
Email:  eclopez@mintz.com
**MINTZ,    LEVIN,    COHN,    FERRIS,
GLOVSKY AND POPEO, P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067

*Attorneys for Defendant*