# EXHIBIT A

## Trevor Holden Plaintiff vs. American Databank, LLC Defendant

**Broward County Case Number:** CACE21021823
**State Reporting Number:** 062021CA021823AXXXCE
**Court Type:** Civil
**Case Type:** Other
**Incident Date:** N/A
**Filing Date:** 12/13/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 25 Phillips, Carol-Lisa

### − Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Holden, Trevor** | | ★ Eisenband, Michael L, ESQ.<br>Retained<br>Bar ID: 94235<br>515 E Las Olas BLVD<br>STE 120<br>Ft. Lauderdale, FL 33301<br>**Status: Active** |
| Defendant | **American Databank, LLC** | | |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|
| | |

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|
| | | | |

### − Event(s) & Document(s)

Total: 10

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 01/06/2022 | **Motion for Extension of Time** | to respond to the Class Action Complaint<br>Party: *Defendant* American Databank, LLC | 📄 | 3 |
| 01/06/2022 | **Order Extending Time** | | 📄 | 1 |
| 12/27/2021 | **Notice of Filing/Affidavit of Service Returned Served** | 12/17/21 SUMMONS<br>Party: *Defendant* American Databank, LLC | 📄 | 1 |
| 12/13/2021 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 12/13/2021 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 12/13/2021 | **Complaint (eFiled)** | Party: *Plaintiff* Holden, Trevor | 📄 | 11 |
| 12/13/2021 | **eSummons Issuance** | Party: *Defendant* American Databank, LLC | 📄 | 2 |
| 12/13/2021 | **Request for Production** | Party: *Plaintiff* Holden, Trevor | 📄 | 6 |
| 12/13/2021 | **Notice of Service of Interrogs** | Party: *Plaintiff* Holden, Trevor | 📄 | 12 |
| 12/13/2021 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | none | 📄 | 1 |

---

– Hearing(s)                                                                    Total: 0

**There is no Disposition information available for this case.**

---

– Related Case(s)                                                               Total: 0

**There is no related case information available for this case.**

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No: C21-21823

Trevor Holden
Plaintiff

Judge Division: 25

VS

American Databank LLC
Defendant

### CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020–73Civ/2020–74–UFC: "ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: none

FILED
DEC 13 2021
By LF 4p

Brenda D. Forman
Circuit and County Courts

By: _____LF_____

Deputy Clerk

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>    JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Trevor Holden
Plaintiff                                         Case # _____

                                                  Judge _____

vs.
American Databank, LLC
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 12/13/2021 09:32:51 AM.****

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
   ☐ Residential Evictions
   ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☒ yes
      ☐ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒ no
      ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒ yes
      ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Michael L Eisenband</u>          Fla. Bar # <u>94235</u>
            Attorney or party                      (Bar # if attorney)

<u>Michael L Eisenband</u>                      <u>12/13/2021</u>
   (type or print name)                        Date

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.**

TREVOR HOLDEN,
individually and on behalf of all,
others similarly situated,

                             **CLASS ACTION**

    Plaintiff,

                             **JURY TRIAL DEMANDED**

v.

AMERICAN DATABANK, LLC,

    Defendant.

_____/

**CLASS ACTION COMPLAINT**

    Plaintiff Trevor Holden brings this class action against Defendant American Databank LLC and

alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences,

and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's

attorneys.

**NATURE OF THE ACTION**

    1.    This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla.

Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

    2.    Defendant markets and sells access to its Complio system which handles court

searches, drug screening, FBI fingerprinting and Employment and Education verifications.[2]

    3.    Defendant conducted over 1 million background checks in 2020 as well as over

69,000 drug screening and 2 million immunization compliance checks.[3]

---

[1] The amendment to the FTSA became effective on July 1, 2021.

[2] AmericanDatabank.com

[3] *Id.*

1

4.      Defendant engages in telephonic sales calls to consumers without having secured prior express written consent as required by the FTSA.

5.      Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

6.      Through this action, Plaintiff seeks an injunction and statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

7.      Plaintiff is, and at all times relevant hereto was, a citizen and resident of Broward County, Florida.

8.      Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of telephone number ***-***-1380 (the "1380 Number") that received Defendant's telephonic sales calls.

9.      Defendant is, and at all times relevant hereto was, a Colorado corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).  Defendant maintains its primary place of business and headquarters in Colorado. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

11.    Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA.  Plaintiff received such calls while residing in and physically present in Florida.

12.    Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## FACTS

13.    On September 18, 2021, October 3, 2021 and October 18, 2021, Defendant sent the following telephonic sales calls to Plaintiff's cellular telephone number:



14. As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services.

15. When Plaintiff responded "STOP" on November 4, 2021, Plaintiff received an automated text message response from Defendant acknowledging Plaintiff's request:



16. Given Defendant's use of generic text messages to solicit consumers, along with the use of a system that auto-replies, Plaintiff is informed and believes that Defendant caused similar telephonic sales calls to be sent to at least 50 individuals residing in Florida.

17. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

18. The number used by Defendant (251-572-2635) is known as a "long code," a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

19. Long codes work as follows: Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

20.     The impersonal and generic nature of Defendant's text messages, coupled with their automatic reply capabilities, demonstrates that Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

21.     To send the text message, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit thousands of text messages automatically and without any human involvement.

22.     Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

23.     The Platform has the capacity to select and dial numbers automatically from a list of numbers.

24.     The Platform has the capacity to schedule the time and date for future transmission of text messages.

25.     The Platform also has an auto-reply function that results in the automatic transmission of text messages.

26.     Given the use of automated technology and generic text messages, Plaintiff is informed and believes that during the relevant time period, Defendant sent at least 50 telephonic solicitations to as many unique individuals.

27.     Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

28.     Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

29.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is defined as:

> **All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.**

30.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

31.     Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

33.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the

6

questions of law and fact common to the Class are: [1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members; [2] Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; and [3] Whether Defendant is liable for damages, and the amount of such damages.

34.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

35.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

36.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of

individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF FLA. STAT. § 501.059**
**(On Behalf of Plaintiff and the Class)**

39.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

40.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

41.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

42.     "Prior express written consent" means an agreement in writing that:

1.  Bears the signature of the called party;

8

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

   a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

   b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

43.     Defendant failed to secure prior express written consent from Plaintiff and the Class members.

44.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

45.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

46.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in

9

damages for each violation.   Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

    a) An award of statutory damages for Plaintiff and each member of the Class;

    b) An order declaring that Defendant's actions, as set out above, violate the FTSA;

    c) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

    d) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

DATED: December 13, 2021

Respectfully Submitted,

**IJH LAW**

By: */s/ Ignacio Hiraldo*
Ignacio Hiraldo, Esq.
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

**EISENBAND LAW, P.A.**

/s/*Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
*Counsel for Plaintiff*

NOT AN OFFICIAL COPY – PUBLIC ACCESS NOT AN OFFICIAL COPY

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO:

**TREVOR HOLDEN,**
individually and on behalf of all
others similarly situated,                    **CLASS REPRESENTATION**

    Plaintiff,                                    **JURY TRIAL DEMANDED**

v.

**AMERICAN DATABANK, LLC,**

    Defendant.
_____/

### SUMMONS ON COMPLAINT
### IMPORTANT

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in
this action on the following defendant:

AMERICAN DATABANK, LLC by serving
its Registered Agent,
TOSHI AKIYAMA
110 16th St 8th Floor, Denver, CO 80202

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's
attorney whose name and address is

**EISENBAND LAW, P.A.**
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the clerk of this court (Broward County Courthouse,
Clerk of Court, 201 SE Sixth Street, Ft. Lauderdale, FL 33301) either before service on

1

plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____DEC 13 2021_____.

BRENDA D. FORMAN
CLERK OF THE CIRCUIT COURT

By:_____

BRENDA D. FORMAN

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel at 954-831-7721, Room 201140, 201 SE Sixth Street, Ft. Lauderdale, FL 33301 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days, if you are hearing or voice impaired call 711.**

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO

**TREVOR HOLDEN,**
individually and on behalf of all
others similarly situated,                                    **CLASS REPRESENTATION**

  Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

**American DataBank, LLC,**

  Defendant.
_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Plaintiff Trevor Holden, pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests

Defendant to produce the following documents and things for inspection and copying, subject to any

outstanding objections, within 30 days from date of service hereof.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.  "You" or "Your" shall mean American Databank, LLC and/or any and all other

person(s) acting on its behalf or at their direction or control, including, but not limited to, present or

former employees, staff personnel, agents, servants, consultants, investigators, contractors or

subcontractors, advisors, counsel, accountants, representatives, or any other person compensated by

you, regardless of whether such compensation is based in whole or in part on commission or some other

measure of performance or otherwise and regardless of whether considered or classified as independent

contractors.

B.  "Subject Text Message" shall mean the text message sent to Plaintiff as identified in

Plaintiff's operative Complaint.

1

C.      "Text Message(s)" shall mean an electronic message sent to a mobile telephone that (with the following area codes: 786; 754; 239; 863; 813; 321; 941; 407; 904; 352; 772; 850; 561; 727; 386) is the same or contains similar wording to the Subject Text Message(s) or was sent for the purpose of advertising and/or promoting Defendant's property, goods, and/or services and was sent using the same type of equipment as the Subject Text Message(s).

D.      "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

F.      "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

G.      "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

H.      "Third Party" or "Third Party" means any individual, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by Defendant, or any person that does not receive an annual salary from You, including but not limited to affiliates, agents, subsidiaries, and vendors of You

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is four (4) years prior to the filing of the Complaint in this case.

## FIRST REQUEST FOR PRODUCTION TO DEFENDANT

1.      Every insurance agreement under which any insurance business—irrespective of whether you have or intend to make such a claim—may be liable (i) to satisfy all or part of a possible judgment against You in this action, (ii) to indemnify You, (iii) to reimburse You for payments made to satisfy the judgment, or (iv) to pay for Your defense of this lawsuit.

2.      All contracts or agreements between you and any Third-Party regarding the transmission of the Text Messages.

3.      All communications between You and any Third-Party regarding the transmission of the Text Messages.

3

4. Documents sufficient to identify the identity of any Third Party from which You purchased telephone numbers which were sent Text Messages.

5. All communications between You and any Third-Party regarding this lawsuit or Plaintiff.

6. All invoices or receipts regarding payment to any Third-Party for transmission of the Text Messages.

7. Documents sufficient to identify the hardware, software, and/or methodology used to store Plaintiff's telephone number including any customer relationship management software.

8. Documents sufficient to identify the hardware, software, and/or methodology used to transmit the Text Messages.

9. Documents sufficient to identify the following information regarding recipients of the Text Messages, if available: name, home address, email address, phone numbers, and any other personal identifying information.

10. Documents sufficient to identify each version of the Text Messages.

11. Documents sufficient to identify each source(s) from which You obtained each telephone number to which Text Messages were transmitted.

12. Documents sufficient to identify the criteria used to select or obtain the list of telephone numbers to which Text Messages were attempted.

13. Any lists of telephone numbers purchased by You or on Your behalf from any Third Party which were sent Text Messages.

14. All call logs, disposition reports, transmission reports, computer-generated document, or other document that identify (1) the total number of Text Messages attempted, (2) the date and time of each Text Message was attempted, (3) the intended recipient of the Text Message, (4) the result of

4

each attempted transmission, i.e., whether each transmission was successfully completed, or (5) any text message response by the recipient of the Text Message(s).

15.   All documents regarding or referring to Plaintiff.

16.   All documents you reviewed and/or relied upon in formulating your responses to Plaintiff's Interrogatories.

17.   All of Your policies, practices, procedures, or instructions related to TCPA compliance, including Do Not Call rules compliance.

18.   Documents sufficient to identify the type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Messages prior to You sending the Subject Text Messages.

19.   Documents sufficient to identify the type of consent or permission, if any, you obtained from recipients of the Text Messages prior to You sending those individuals Text Messages.

20.   Documents sufficient to identify every reason(s) or purpose(s) for why the Text Messages were sent.

21.   All documents pertaining to the marketing or promotion of Your goods or services via the Text Messages.

22.   Documents sufficient to identify the total revenue, if any, You generated as a result of the Text Messages.

23.   All documents that recorded in writing any formal or informal complaint received by You regarding Your use of the Text Messages.

24.   A copy of any unique versions of any manuals, pamphlets, booklets, instructions, or similar document, related to how the system(s) used to send the Text Messages is used or operates.

25.   A copy of any unique versions of any manuals, pamphlets, booklets, instructions, or similar document, related to the technical capability of the system(s) used to send the Text Messages.

Date: December 13, 2021

**EISENBAND LAW, P.A.**

*/s/ Michael Eisenband*
Michael Eisenband, Esq.
Florida Bar No. 94235
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on

Defendant with the original service of process of the Complaint.

**EISENBAND LAW, P.A.**

*/s/ Michael Eisenband*
Michael Eisenband, Esq.
Florida Bar No. 94235
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO:

TREVOR HOLDEN,
individually and on behalf of all
others similarly situated,                            CLASS REPRESENTATION

      Plaintiff,                                   JURY TRIAL DEMANDED

v.

American DataBank, LLC,

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES

Plaintiff Trevor Holden, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby

propounds the attached interrogatories to Defendant American DataBank, LLC, to be answered under

oath in writing.

Date: December 13, 2021

 

**EISENBAND LAW, P.A.**

*/s/ Michael Eisenband*
Michael Eisenband, Esq.
Florida Bar No. 94235
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on

Defendant with the original service of process of the Complaint.

**EISENBAND LAW, P.A.**

*/s/ Michael Eisenband*
Michael Eisenband, Esq.
Florida Bar No. 94235
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO:

TREVOR HOLDEN,
individually and on behalf of all
others similarly situated,                          CLASS REPRESENTATION

      Plaintiff,                                  JURY TRIAL DEMANDED

v.

American DataBank, LLC

      Defendant.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff Trevor Holden, pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby propounds the following interrogatories to Defendant American DataBank, LLC, to be answered fully and separately in writing and under oath by Defendant.

Date: December 13, 2021

**EISENBAND LAW, P.A.**

*/s/ Michael Eisenband*
Michael Eisenband, Esq.
Florida Bar No. 94235
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

3

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Defendant

with the original service of process of the Complaint.

**EISENBAND LAW, P.A.**

*/s/ Michael Eisenband*
Michael Eisenband, Esq.
Florida Bar No. 94235
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
*Counsel for Plaintiff*

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A.      "You" or "Your" shall mean Defendant American DataBank, LLC and/or any and all other person(s) acting on its behalf or at their direction or control, including, but not limited to, present or former employees, staff personnel, agents, servants, consultants, investigators, contractors or subcontractors, advisors, counsel, accountants, representatives, or any other person compensated by you, regardless of whether such compensation is based in whole or in part on commission or some other measure of performance or otherwise and regardless of whether considered or classified as independent contractors.

B.      "Subject Text Message" shall mean the text message sent to Plaintiff as identified in Plaintiff's operative Complaint.

C.      "Text Message(s)" shall mean an electronic message sent to a mobile telephone (with the following area codes: 786; 754; 239; 863; 813; 321; 941; 407; 904; 352; 772; 850; 561; 727; 386) that is the same or contains similar wording to the Subject Text Message(s) or was sent for the purpose of advertising and/or promoting Defendant's property, goods, and/or services and was sent using the same type of equipment as the Subject Text Message(s).

D.      "Person" shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

E.      The word "document" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed

5

or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films.  Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

      F.     "Identify" means, with respect to any "person," or any reference to the "identity" of any "person," to provide the name, home address, telephone number, business name, business address, business telephone number and a description of each such person's connection with the events in question.

      G.     "Identify" means, with respect to any "document," or any reference to stating the "identification" of any "document" provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation and on whose behalf it was prepared, the name and address of the recipient or recipients to each such document and the present location of any and all copies of each such document, and the names and addresses of any and all persons who have custody or control of each such document or copies thereof.

## TIME FRAME

Unless otherwise stated, the time period covered by these requests is from July 1, 2021 to present.

## FIRST SET OF INTERROGATORIES TO DEFENDANT

1.      Identify the total number of Text Messages that have been sent.  For each Text Message, please identify the date, content, and telephone number of the recipient of the Text Message, and describe how the Text Messages were sent, including a description of the equipment used to obtain, store, and send messages to each telephone number.

   **ANSWER:**

2.      Describe in detail the method or process by which Text Messages were sent.  Your response should include, but not be limited to, a description of each stage of the transmission process for the Text Messages.

   **ANSWER:**

3.      Describe in detail the method or process by which you or anyone on your behalf collected or obtained Plaintiff's telephone number.

   **ANSWER:**

4.      Describe in detail the method or process by which the Subject Text Message was sent. Your response should include, but not be limited to, a description of each stage of the transmission process for the Subject Text Message.

   **ANSWER:**

5.      Identify the name(s) of the individual(s) who prepared and/or approve the content of the Subject Text Message.

**ANSWER:**

6.      Identify who sent the Subject Text Message to Plaintiff.

**ANSWER**:

7.      Describe the equipment used to send the Subject Text Message.

**ANSWER:**

8

8.    Describe any equipment used by you or anyone on your behalf to store Plaintiff's telephone number. Your answer should include a description of how that equipment interacts with any equipment used to send the Subject Text Message.

**ANSWER:**

9.    Have you ever received formal or informal complaints regarding Text Messages? If so, identify the complaint, including the date and name(s) of the individual(s) making the complaint.

**ANSWER:**

10.   Describe what type of consent or permission, if any, you obtained from Plaintiff to send the Subject Text Message prior to sending the message.

**ANSWER:**

11.     Describe what type of consent or permission, if any, you obtained from recipients of the Text Messages prior to sending the Text Messages.

**ANSWER**:

12.     Describe the manner in which the list(s) of telephone numbers to which Text Messages were sent was compiled or acquired, and identify the source(s) of the telephone numbers and the persons who complied them.

**ANSWER:**

13.     The identity of all persons or entities who participated in transmitting Text Messages.

**ANSWER:**


14.     Describe the reason(s) why the Subject Text Messages were sent to Plaintiff.

**ANSWER:**


By:_____

Print Name:_____

**STATE OF** _____ **)**
                                        **) SS:**
**COUNTY OF** _____ **)**

        **BEFORE ME,** the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared _____, who being by me first duly sown,

deposes and says that he/she has read the foregoing answers to interrogatories, and that they are true and

correct.

        **SWORN TO AND SUBSCRIBED before** me this _____ day of _____,

2021

                        _____
                        Notary Public, State of _____

11

My Commission Expires:

## RETURN OF SERVICE

**State of Florida**                    **County of Broward**                    **Circuit Court**

Case Number: CACE-21-021823

Plaintiff:
**TREVOR HOLDEN, individuallyand on behalf of all others
similarlysituated,**

vs.

Defendant:
**AMERICAN DATABANK, LLC,**

For:
Michael Eisenband
Eisenband Law, P.A.
515 E Las Olas Blvd
Suite 120
Fort Lauderdale, FL 33301

Received by L & L Process, LLC. on the 13th day of December, 2021 at 12:25 pm to be served on
**AMERICAN DATABANK, LLC REGISTERED AGENT: TOSHI AKIYAMA, 110 16TH ST, 8TH FLOOR,
DENVER, CO 80202**.

I, Max Cass, do hereby affirm that on the **17th day of December, 2021 at 2:17 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons on Complaint, Class Action
Complaint, Plaintiff's First Request for Production to Defendant, and Plaintiff's Notice of Service
of Interrogatories** with the date and hour of service endorsed thereon by me, to: **ODETTE PATRISHA**
as **OFFICE MANAGER/AUTHORIZED** at the address of: **110 16TH ST, 8TH FLOOR, DENVER, CO
80202**, who stated they are authorized to accept service for **AMERICAN DATABANK, LLC**, and
informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: CAUCASIAN, Height: 5'5", Weight: 120,
Hair: DARK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I
declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY
REQUIRED PURSUANT TO F.S.92.525(2)

Christopher P Grealish

CHRISTOPHER P GREALISH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19954019147
MY COMMISSION EXPIRES NOVEMBER 13, 2024

**Max Cass**
Process Server

**L & L Process, LLC.
13876 SW 56 Street
Suite 200
Miami, FL 33175
(305) 772-8804**

Our Job Serial Number: LLP-2021004615

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2e

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

TREVOR HOLDEN,
individually and on behalf of all,
others similarly situated,

        Plaintiff,

                                      Case No.: CACE-21-021823

v.

                                       Division:  25

AMERICAN DATABANK, LLC,

        Defendant.

_____/

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant American Databank, LLC ("Defendant"), by and through undersigned counsel, files this motion requesting that an extension be granted through and including January 24, 2022, to respond to the Class Action Complaint ("Complaint") filed in this action by Plaintiff Trevor Holden ("Plaintiff"), and in support states the following:

1.      Plaintiff filed his Complaint on December 13, 2021.

2.      Defendant's response to the Complaint is due January 10, 2022.

3.      As soon as Defendant became aware of the Complaint, it endeavored to retain counsel for the defense of this matter.

4.      Once retained, the Defendant's counsel made contact with counsel for the Plaintiff to discuss an extension for Defendant to respond to the Complaint.

5.      Defendant, along with the undersigned counsel, have begun a good faith investigation into Plaintiff's allegations, but require additional time to complete the investigation and analysis of Plaintiff's class action claims, and prepare a response to the Complaint.

6.      Accordingly, Defendant requires—and hereby respectfully requests—additional time, through and including January 24, 2022, to respond to Plaintiff's Complaint.

7.      Such extension, if granted, will allow Defendant and its undersigned counsel adequate time to complete their investigation and prepare a response.

8.      Prior to filing this Motion, Defendant's counsel conferred with counsel for Plaintiff who consented to the requested extension.

9.      This Motion is filed in good faith and not for purposes of delay.

WHEREFORE, Defendant American Databank, LLC respectfully requests that this Court enter an order granting its Motion for Extension of Time to Respond to Plaintiff's Complaint and providing Defendant an extension, through and including January 24, 2022 to respond to the Complaint, and for such additional relief as the Court deems just and appropriate.

Dated: January 6, 2022

Respectfully submitted,

*/s/ Elaine M. Rice*
ELAINE M. RICE, FBN 549975
ERice@jclaw.com
**JOHNSON, CASSIDY,**
**NEWLON & DECORT, P.A.**
2802 N. Howard Avenue
Tampa, Florida 33607
Telephone: (813) 699-4859
Facsimile: (813) 235-0462
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2022, a true and correct copy of the foregoing has

been served via the Florida e-Portal to:

Ignacio Hiraldo
**IJH LAW**
1200 Brickell Ave., Suite 1950
Miami, FL 33131
Email: IJHhiraldo@IJHlaw.com
Telephone: 786-496-4469

Michael Eisenband
**EISENBAND LAW, P.A.**
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, FL 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092

*Attorneys for Plaintiff*

                           */s/ Elaine M. Rice*
                           Attorney

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. __CACE21021823__   DIVISION __25__   JUDGE __Carol-lisa Phillips__

**Trevor Holden**

Plaintiff(s) / Petitioner(s)

v.

**American Databank, LLC**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER

THIS CAUSE came before the Court on Defendant American Databank, LLC's ("Defendant")

Unopposed Motion for Extension of Time to Respond to Plaintiff's Class Action Complaint (the

"Motion") without hearing, and upon this Court having reviewed Defendant's Motion, it is

hereby ORDERED AND ADJUDGED as follows:

1. The Motion is GRANTED.

2. Defendant shall have up to and including January 24, 2022 to serve a response to

    Plaintiff's Class Action Complaint.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on __01-06-2022__.

__CACE21021823 01-06-2022 1:39 PM__

CACE21021823 01-06-2022 1:39 PM
Hon. Carol-lisa Phillips
**CIRCUIT JUDGE**
Electronically Signed by Carol-lisa Phillips

**Copies Furnished To:**

Elaine M. Rice , E-mail : mmadison@jclaw.com

Elaine M. Rice , E-mail : erice@jclaw.com

Ignacio Hiraldo , E-mail : ljhiraldo@ijhlaw.com

Michael L Eisenband , E-mail : meisenband@Eisenbandlaw.com